UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LON CARTER, | ) | CASE NO. CV 17-285-R (PJW) |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION OF |
| v. | ) | UNITED STATES MAGISTRATE JUDGE |
| DEAN BORDERS, WARDEN, | ) | |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Hon. Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the Petition be denied and the action be dismissed with prejudice.[1]

---

[1] Dean Borders, warden at the prison where Petitioner is now housed, is substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

I.

SUMMARY OF PROCEEDINGS

A. <u>State Court Proceedings</u>

In January 1995, a jury in Los Angeles County Superior Court found Petitioner guilty of four counts of second degree robbery and concluded that he had used a firearm during the robberies. (Lodged Doc. No. 1.) In May 1996, he was sentenced to 32 years in prison.

In March 2016, Petitioner filed a petition for writ of habeas corpus in the Riverside County Superior Court, arguing that the State's failure to award him 33% custody credits violated the Ex Post Facto Clause and the Due Process Clause of the federal Constitution. (Lodged Doc. No. 2.) The Superior Court denied the petition on the ground that it failed to state a prima facie case and because it included legal assertions that were contrary to law. (Lodged Doc. No. 3.) Petitioner then filed petitions in the California Court of Appeal and the California Supreme Court, which were summarily denied. (Lodged Doc. Nos. 4-7.)

B. <u>Federal Court Proceedings</u>

On January 12, 2017, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus in this court, pursuant to 28 U.S.C. § 2254. He claims that the California Department of Corrections and Rehabilitation ("CDCR") erroneously classified him as a violent offender and, in doing so, barred him from earning 33% custody credits, in violation of the Ex Post Facto Clause and his right to due process. (Petition at 5 & Petition Attachment at 18-25.)

II.

STANDARD OF REVIEW

The standard of review in this case is set forth in 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[2]

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable.

---

[2] Even though Petitioner is challenging the execution of his sentence, rather than the validity of his conviction or sentence, his claims are still governed by 28 U.S.C. § 2254. *See Carrea v. California*, 2014 WL 3845054, at *4 (C.D. Cal. July 31, 2014) (holding § 2254 governs state prisoner's claim that he is entitled to an earlier release date); *see also White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) (adopting "the majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

*Bell v. Cone*, 535 U.S. 685, 694 (2002). To establish that the state court unreasonably applied federal law, a petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but objectively unreasonable. *Renico v. Lett*, 559 U.S. 766, 773 (2010). Where no decision of the Supreme Court has squarely decided an issue, a state court's adjudication of that issue cannot be contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner raised his ex post facto and due process claims in his petitions for writ of habeas corpus in the California Supreme Court and the California Court of Appeal, but those courts did not explain their reasons for denying them. (Lodged Doc. Nos. 4-7.) The Riverside County Superior Court denied his petition on the ground that it failed to state a prima facie case, which constitutes an adjudication on the merits. *See Phelps v. Alameida*, 569 F.3d 1120, 1125 n.8 (9th Cir. 2009). As such, the Court will uphold the state court's decision so long as there is any reasonable basis in the record to support it. *See Richter*, 562 U.S. at 102 ("[A] habeas court must determine what arguments or theories . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.").

III.

DISCUSSION

In 1995, Petitioner was convicted of four counts of second degree robbery. Under State law at that time, second degree robbery was not

4

a violent crime.  In 2000, the law was changed and second degree robbery became a violent crime.

California law provides that prisoners who have not been convicted of a violent crime can earn 33% custody credits, i.e., for every day they serve in prison they are credited with serving 1.33 days.  Petitioner complains that he is only earning 20% credits because the CDCR classified him as a violent offender based on the 2000 change in the law.  He argues that this violates the Ex Post Facto Clause because the change occurred after he committed the crime.

Petitioner is simply mistaken.  He is not being denied 33% custody credits because of the 2000 change in the law making second degree robbery a violent crime.  He is, instead, being denied those custody credits because he was also convicted pursuant to California Penal Code § 12022.5 of using a firearm while committing the robberies.  Since 1977, second degree robberies committed with a gun wherein the § 12022.5 gun enhancement was charged and proved are violent felonies.  (Lodged Doc. Nos. 9-11.)

Petitioner points out that, when he appealed the denial of his 33% credits to the CDCR, the CDCR initially agreed with him and awarded him the credits.  Though this is true, it is not controlling.  The CDCR subsequently realized that it had made a mistake and informed Petitioner.  It is not bound to now award him credits that he was never entitled to simply because it made a mistake.

Petitioner also contends that the State denied him due process when it changed the characterization of his robbery convictions and gun enhancements from "serious" to "violent" crimes under California Penal Code § 1192.7, which he claims also caused him to lose the opportunity to earn 33% percent credit.  (Petition Attachment at 25.)

5

Again, the Court disagrees. Petitioner is not being denied custody credits due to a change in California Penal Code § 1192.7. He is being denied custody credits under California Penal Code § 667.5(c), in effect at the time he committed the robberies, which defined a crime as "violent" if the defendant was convicted under California Penal Code § 12022.5 of using a gun in committing it.[3]

## IV.

## RECOMMENDATION

For these reasons, IT IS RECOMMENDED that the Court issue an Order (1) accepting this Report and Recommendation, and (2) directing

---

[3] Petitioner asks the Court to hold an evidentiary hearing "because [he] is actually innocent of being a convicted violent felon, and is being restricted through revoked awarded credit, and is being denied/deprived board referral for parole consideration, for possible early parole release." (Traverse at 21.) That request is denied. This Court is charged with evaluating the reasonableness of the state courts' decisions based only on the record before the state courts. *See Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013) ("[F]or claims that were adjudicated on the merits in state court, petitioners can rely only on the record before the state court in order to satisfy the requirements of § 2254(d).") (citing *Pinholster*, 563 U.S. at 213 n.5; *Stokley v. Ryan*, 659 F.3d 802, 809 (9th Cir. 2011) ("*Pinholster*'s limitation on the consideration of [a petitioner's] new evidence . . . in federal habeas proceedings also forecloses the possibility of a federal evidentiary hearing."). An evidentiary hearing is also inappropriate here because the record refutes Petitioner's factual claims and demonstrates that he is not entitled to relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

that Judgment be entered denying the Petition and dismissing the action with prejudice.[4]

DATED: September 12, 2017

*Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\CARTER, L 285\R&R.wpd

---

[4] The Court is not inclined to issue a certificate of appealability in this case. See Rule 11, Federal Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). If Petitioner believes a certificate should issue, he should explain why in his Objections to this Report and Recommendation.